# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| MICHAEL ED ERIKSON | ) |
| :-- | :-- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-657-R |
| STATE OF OKLAHOMA, and WOODS COUNTY, OKLAHOMA, | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motions to Dismiss (Docs. 8 & 10). For the following reasons, the Court GRANTS both motions.

## Background

Plaintiff, appearing pro se, brings several tort-related claims and allegations of constitutional violations against Defendants. Plaintiff seeks relief under the Oklahoma Governmental Tort Claims Act (GTCA) and 42 U.S.C. § 1983. The Court is obligated to liberally construe Plaintiff's allegations in light of his pro se status.

This is not the first time Plaintiff has brought action against Defendants. Plaintiff filed a nearly identical case against Defendants in 2013 in this Court.[1] The Court dismissed the State from that suit on Eleventh Amendment grounds. (CIV-13-858-R, Doc. 26). The case was eventually resolved when the Court granted Plaintiff's Motion to Dismiss without Prejudice. (CIV-13-858-R, Doc. 31). The Court granted that motion on the condition that

---

[1] *Erikson v. State of Oklahoma, Woods County*, CIV-13-858-R.

1

costs should be assessed against Plaintiff should he subsequently decide to renew this action.

Now, Plaintiff has done just that. His facts and allegations are set out in detail in the Court's previous order. (CIV-13-858-R, Doc. 31). His claims against the State of Oklahoma and Woods County include tort claims for defamation, intentional infliction of emotional distress, fraud, deceit, and § 1983 claims for false arrest, illegal search and seizure, false imprisonment, and violations of due process. In fact, this is simply a re-filing of Plaintiff's earlier lawsuit, with the only difference being Plaintiff has added claims for violation of his civil rights by means of conspiracy, conspiracy to obstruct justice, and obstruction of justice. Defendants have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**Standard of Review**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A complaint must contain "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Id*. at 678 (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pled factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). That said, "[l]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Anspach v. Philadelphia Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007).

## Analysis

1. **Claims against the State of Oklahoma**

    This Court previously dismissed the State from Plaintiff's first lawsuit on the basis of the Eleventh Amendment and sovereign immunity. The Court again dismisses the State for the same reasons as fully set out in the Court's previous Order. (CIV-13-858, Doc. 26).

2. **Claims against Woods County**

    Dismissal of Plaintiff's claims against Woods County is also proper. As to his § 1983 claims, Plaintiff has failed to state a claim against Woods County that is plausible on its face. Plaintiff generally alleges that the Woods County Sheriff's Office or its officers violated his federal civil rights. But his Complaint is devoid of any facts (1) linking these alleged constitutional violations to the policies or customs of Woods County or (2) showing that the constitutional violations were somehow the result of the actions of an officer with final policy making authority acting in his official capacity—either of which is required by law in order to hold a governmental entity liable under § 1983. *Monell v. New York City Dep't of So. Servs.*, 436 U.S. 658, 694–695 (1978); *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989). Instead, Plaintiff alleges that a cadre of Woods County employees deprived him of his constitutional rights. He could of course assert § 1983 claims against these employees in their individual capacity, but he has chosen not to. The Court therefore dismisses his claims against Woods County for federal civil rights violations.

    Plaintiff's remaining tort claims against Woods County also fail as a matter of law due to his inability to bring those claims under the Oklahoma Government Tort Claims Act

("GTCA"). Though the GTCA waives sovereign immunity in some instances, it does not do so for the actions of state employees taken outside the scope of employment. Okla. Stat. Ann. tit. 51, § 153(A) explains that "[t]he state or a political subdivision shall not be liable under the provisions of [the GTCA] for any act or omission of an employee acting outside the scope of the employee's employment." The Oklahoma Supreme Court has defined "scope of employment" to specifically exclude actions taken in bad faith: when "the tort cause of action sued upon requires proof of an element that necessary excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla. 2001), *overruled on other grounds by Gowens v. Barstow*, 364 P.3d 664 (Okla. 2015); *see also Nail v. City of Henryetta*, 911 P.2d 914, 917 (Okla. 1996) (explaining that the GTCA waives governmental immunity and extends liability to torts for "which a private person would be liable, unless they are committed outside of the course and scope of one's employment or unless they are committed in bad faith or in a malicious manner").

Because each of Plaintiff's tort claims either requires or is pled with some allegation of bad faith, each fails as a matter of law. His claim for intentional infliction of emotional distress necessarily excludes good faith conduct on the part of a political subdivision or its employees. *See McMullen v. City of Del City*, 920 P.2d 528, 531 (Okla. Civ. App. 1996) (defining the intentional infliction of emotional distress as an intentional tort committed "by extreme and outrageous conduct which . . . causes severe emotional distress to another"). His claims for false arrest, illegal search, false imprisonment, deceit, conspiracy, and obstruction of justice are dismissed for the same reason: they have all been expressly

identified by Plaintiff has having been committed with malicious premeditation or in bad faith.

As for his defamation claim, that too must be dismissed because if any alleged misrepresentation was intentional, misrepresentation would have been done in bad faith; and if it was unintentional, then it is specifically exempt under § 155(17).[2] *White v. City of Del City*, 270 P.3d 205, 214 (Okla. Civ. App. 2011) ("We agree [that a political subdivision] cannot be liable for either an intentional or unintentional representation made by an employee."). And finally, his claim for fraud is foreclosed by § 152(12), which explains that "scope of employment . . . shall not include corruption or fraud."

For these reasons, Defendants' Motions to Dismiss are GRANTED. Defendants should make an appropriate application for costs pursuant to the Court's earlier Order. (Doc. 31).

IT IS SO ORDERED this 4th day of January 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] "The state or a political subdivision shall not be liable if a loss or claim results from . . . misrepresentation, if unintentional." Okla. Stat. Ann. tit. 51, § 155(17).

5